J591wonp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                v.                      18 Cr. 832

5   ISHI WONEY,

6                   Defendant.           Plea

7   ------------------------------x

8                                        New York, N.Y.
                                         May 9, 2019
9                                        11:31 a.m.

10
    Before:
11
                        HON. ONA T. WANG,
12
                                         Magistrate Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    BY:  DANIEL H. WOLF
17       Assistant United States Attorney

18  FEDERAL DEFENDERS OF NEW YORK INC.
         Attorneys for Defendant
19  BY:  PHILIP WEINSTEIN, ESQ.

20

21

22

23

24

25

J591wonp

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3    for the record.

4          MR. WOLF:  Yes.  Good morning, your Honor.  Daniel

5    Wolf on behalf of the government.

6          MR. WEINSTEIN:  Phil Weinstein, Federal Defenders,

7    your Honor.

8          THE COURT:  Okay.  Good morning.  And good morning,

9    Mr. Woney.

10          THE DEFENDANT:  Good morning.

11          THE COURT:  So I am Magistrate Judge Wang.

12          Mr. Woney, are you able to speak and understand

13    English?

14          THE DEFENDANT:  Yes.

15          THE COURT:  I have before me a Consent to Proceed

16    Before a United States Magistrate Judge on a Felony Plea

17    Allocution that you have signed.  What this form says is that

18    knowing that you have the right to have this plea taken by a

19    United States district judge, you're agreeing to have the plea

20    taken by a United States magistrate judge.  As a magistrate

21    judge, I have the authority to take your plea, with your

22    consent, and you will still be entitled to all of the same

23    rights and protections as if you were before a district judge.

24    Among other things, if you are found guilty, you will be

25    sentenced by a district judge.

J591wonp

1          Did you sign this Consent to Proceed Before a United

2     States Magistrate Judge voluntarily?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Before you signed the form, did your

5     lawyer explain it to you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you wish to proceed with your plea

8     before a United States magistrate judge?

9          THE DEFENDANT:  Yes.

10         THE COURT:  All right.  Your consent is accepted.

11         The purpose of this proceeding is to make sure that

12    you understand your rights, to decide whether you're pleading

13    guilty of your own free will, and to make sure you're pleading

14    guilty because you are guilty and not for some other reason.

15    Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  If at any time you don't understand any of

18    my questions or if you want to consult with your attorney, just

19    say so, because it is important that you understand every

20    question before you answer.

21         Before I take your plea, I must ask you a series of

22    questions, and I therefore need to place you under oath, so

23    please raise your right hand.

24         (Defendant sworn)

25         THE COURT:  All right.  Mr. Woney, do you understand

J591wonp

1    that any statements you make here today under oath may be used

2    against you in a prosecution for perjury or for making false

3    statements if you do not tell the truth?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Please tell me your full name.

6              THE DEFENDANT:  Ishi Colin Woney.

7              THE COURT:  And what is your age?

8              THE DEFENDANT:  Twenty-three.

9              THE COURT:  Are you a citizen of the United States?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And you are able to read and write in

12   English?

13             THE DEFENDANT:  Yes.

14             THE COURT:  How far did you go in school?

15             THE DEFENDANT:  Tenth grade.

16             THE COURT:  And are you now or have you recently been

17   under the care of a doctor or psychiatrist for any reason?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Okay.

20             THE DEFENDANT:  Oh, no.

21             THE COURT:  No?  Okay.  So you have not recently been

22   under the care of a doctor or psychiatrist for any reason?

23             THE DEFENDANT:  No.

24             THE COURT:  Okay.  Have you been treated recently for

25   any mental illness or addiction to narcotic drugs of any kind?

J591wonp

1          THE DEFENDANT:  No.

2          THE COURT:  As you sit here today, are you under the

3    influence of any mind-altering drug or any alcoholic drink?

4          THE DEFENDANT:  No.

5          THE COURT:  Are you on any medication?

6          THE DEFENDANT:  No.

7          THE COURT:  Have you been able to understand

8    everything that I've said to you so far?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Do you feel all right today?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Have you seen a copy of the superseding

13   indictment in this case?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Have you read it?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand what it says that you

18   did?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Have you had a chance to discuss the

21   charges and how you wish to plead with your attorney?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Are you satisfied with your attorney's

24   representation of you?

25         THE DEFENDANT:  Yes.

J591wonp

1          THE COURT:  Have you had a full opportunity to discuss

2     this case with him?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And has he told you the consequence of

5     pleading guilty?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And are you ready to enter a plea?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  Count Two of the indictment

10    charges you with sex trafficking of a minor, in violation of 18

11    United States Code 1591(a) and (b)(2).

12          Count Three of the indictment charges you with

13    violating the Mann Act, in violation of 18 United States Code

14    2421(a).

15          Count Four of the indictment charges you with using an

16    interstate facility to promote, manage, and carry on

17    prostitution, in violation of 18 United States Code 1952(a)(3).

18          And Count Five of the indictment charges you with

19    being a felon in possession of ammunition shipped and

20    transported in interstate commerce, in violation of 18 United

21    States Code 922(g)(1).

22          With respect to Count Two, charging you with sex

23    trafficking of a minor, I want you to understand that the

24    maximum penalty is a prison term of life, a term of supervised

25    release of life, a fine of as much as $250,000 or twice what

1    was made by the criminal activity, or twice what someone other

2    than yourself lost because of the criminal activity, a

3    mandatory special assessment of a hundred dollars; and this

4    count also carries a mandatory minimum imprisonment of ten

5    years, a mandatory minimum term of supervised release of five

6    years, and an additional special assessment of $5,000.

7              With respect to Count Three charging you with

8    violation of the Mann Act, I want you to understand that the

9    maximum penalty is a prison term of ten years, a term of

10   supervised release of life, a fine of as much as $250,000 or

11   twice what was made by the criminal activity or twice what

12   someone other than yourself lost because of the criminal

13   activity, a mandatory special assessment of a hundred dollars,

14   a mandatory minimum term of supervised release of five years,

15   and an additional special assessment of $5,000.

16             With respect to Count Four, charging you with using an

17   interstate facility to promote, manage, and carry on

18   prostitution, I want you to understand that the maximum penalty

19   is a prison term of five years, a term of supervised release of

20   three years, a fine of as much as $250,000 or twice what was

21   made by the criminal activity or twice what was lost by anyone

22   other than yourself because of the criminal activity, and a

23   mandatory special assessment of a hundred dollars.

24             With respect to Count Five, charging you with being a

25   felon in possession of ammunition shipped and transported in

1    interstate commerce, I want you to understand that the maximum

2    penalty is a prison term of ten years, a term of supervised

3    release of three years, a fine of as much as $250,000, again,

4    or twice what was made by the criminal activity or twice what

5    someone other than yourself lost because of the criminal

6    activity, and a mandatory special assessment of a hundred

7    dollars.

8              Additionally, I note that you are admitting to the

9    forfeiture allegations in the plea agreement and that there is

10   agreement as to a specific restitution that the Court will

11   order.

12             And do you understand these maximum penalties that

13   I've just described to you?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And if the prison terms on these charges

16   were to run consecutively, you would face a potential prison

17   sentence of life in prison and a mandatory minimum of ten

18   years.  Do you understand this?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Now how do you wish to plead, guilty or

21   not guilty?

22             THE DEFENDANT:  Guilty.

23             THE COURT:  Do you also understand that if, as part of

24   your sentence, you were placed on a term of supervised release

25   and you then violated any of the conditions of that release,

J591wonp

1    you could face an additional term of imprisonment?

2           THE DEFENDANT:  Yes.

3           THE COURT:  The district judge can revoke the term of

4    release previously imposed and return you to prison without

5    giving you any credit for time previously served on postrelease

6    supervision.

7           If you are not a United States citizen, do you

8    understand that your guilty plea may result in your being

9    removed from the United States, denied citizenship, and denied

10    admission to the United States in the future?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand that you are bound by

13    your guilty plea regardless of the immigration consequences of

14    your plea and regardless of any advice you have received from

15    your counsel or others regarding those consequences?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Have you had an opportunity to discuss

18    immigration consequences with your attorney?

19           THE DEFENDANT:  Yes.

20           THE COURT:  I'm now going to explain certain

21    constitutional rights that you have.  These are rights that you

22    will be giving up if you enter a guilty plea.  Please listen

23    carefully to what I'm about to say, and if you do not

24    understand something, stop me, and your attorney and I will

25    explain the issue more fully.

J591wonp

1      Do you understand that you have a right to plead not

2  guilty or, having already pleaded not guilty, to persist in

3  that plea, and that you have a right to a speedy and public

4  jury trial if you wish?

5      THE DEFENDANT:  Yes.

6      THE COURT:  Do you understand that if you plead not

7  guilty and go to trial, you would be presumed innocent and the

8  burden would be upon on the government to prove your guilt

9  beyond a reasonable doubt?

10     THE DEFENDANT:  Yes.

11     THE COURT:  That means you would not have to prove you

12 were innocent and you could not be convicted unless a jury of

13 12 people unanimously agreed that you were guilty beyond a

14 reasonable doubt.

15     Do you understand that you would be entitled to be

16 represented by an attorney at all stages, a trial and at every

17 other stage of the proceedings, and if you could not afford to

18 hire one, the court would provide an attorney to you for free?

19     THE DEFENDANT:  Yes.

20     THE COURT:  Do you understand that at such a trial,

21 you would be entitled to confront and cross-examine any

22 witnesses called by the government to testify against you, that

23 you would be entitled to testify on your own behalf, that you

24 could call witnesses and present evidence, and that the court

25 would issue subpoenas at your request to compel witnesses to

J591wonp

1  appear and testify in your defense even if they didn't want to

2  come?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Do you understand that at a trial, you

5  would not be required to testify against yourself?

6        THE DEFENDANT:  Yes.

7        THE COURT:  And if you chose not to testify, that

8  could not be used against you.

9        Do you understand that if you were convicted at a

10  trial, you would have a right to appeal that verdict to a

11  higher court?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Do you understand that if you enter a

14  guilty plea, you give up all of these rights, including your

15  right to a trial, that you will not be able to withdraw this

16  plea, and that the only remaining step in this case will be the

17  sentencing?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Do you understand that the decision as to

20  the appropriate sentence in your case will be entirely up to

21  the sentencing judge and that she will be limited only by what

22  the law requires?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Do you understand that even if you're

25  surprised or disappointed by your sentence, you will still be

J591wonp

1    bound by your guilty plea?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And finally, if you do plead guilty,

4    you're also giving up the right not to incriminate yourself,

5    and I will ask you questions about what you did in order to

6    satisfy myself that you are actually guilty.  By pleading

7    guilty, you will be admitting your factual as well as legal

8    guilt.  Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Knowing all of this, do you still wish to

11   plead guilty to Counts Two through Five of the indictment?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Have any force or threats been used,

14   either direct or indirect, to influence how you plead today?

15             THE DEFENDANT:  No.

16             THE COURT:  I have before me a letter dated May 6,

17   2019, from the US Attorney to your attorney containing a plea

18   agreement.  Have you read this letter?

19             THE DEFENDANT:  Yes.

20             THE COURT:  And did you sign it on the last page?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Before you signed it, did you discuss it

23   with your attorney?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Did he explain to you all of its terms and

J591wonp

1  conditions?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Apart from what is contained in this

4  letter, have any promises been made to you in order to get you

5  to plead guilty?

6          THE DEFENDANT:  No.

7          THE COURT:  In reviewing the plea agreement, I note

8  that it contains an analysis of how part of our law of

9  sentencing, known as the Sentencing Guidelines, may impact on

10  any prison term in your case.  Based on that analysis, the

11  agreement states that the guidelines sentencing range can be

12  expected to be from 120 to 135 months.  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that the sentencing

15  judge is not bound by the calculation in the letter and that

16  she will be free to do her own calculation, which may result in

17  a guideline range that is different from the one in the letter?

18          (Defendant conferring with his counsel)

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that no matter what

21  sentencing range the sentencing judge believes is called for by

22  the guidelines, that range is just one of the many factors that

23  the judge will consider in determining your sentence and that

24  the judge has the discretion to give you a prison sentence

25  below or above that range, anywhere up to a maximum sentence of

J591wonp

1    imprisonment of life?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you also understand that under the

4    terms of this plea agreement, if the judge sentences you to a

5    prison term that is 135 months or less, you are giving up your

6    right to appeal that sentence or to challenge it in any other

7    way, such as through a writ of habeas corpus?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Also, do you understand that the plea

10   agreement says you cannot appeal any fine of $300,000 or less

11   and that you cannot appeal any lawful sentence of supervised

12   release?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you also understand that under the

15   terms of this plea agreement, you also agree not to appeal any

16   special assessment of $10,200 or less?

17             MR. WEINSTEIN:  May I have a moment, your Honor.

18             THE COURT:  Yes.

19             (Counsel conferring)

20             MR. WEINSTEIN:  Your Honor, so I became aware that

21   currently, in the Second Circuit, there is an issue on the

22   $5,000 special assessment, and the issue is whether it is per

23   count or per case.  And the circuits are split on this.  And so

24   with the government's consent, the appeal waiver for the

25   special assessment would be anything more than $5,000 less

J591wonp

1     than -- subtracting $5,000 from the special assessment, 10,200.

2     So it would be 5,200.  It's also not mandatory in any event

3     because it's only for nonindigents.

4                 THE COURT:  I understand that.

5                 I see that the original plea agreement that the

6     parties have signed specifically states that the defendant

7     agrees not to appeal any special assessment that is less than

8     or equal to, so why don't I give you a couple minutes to rework

9     that and initial it.

10                MR. WEINSTEIN:  Okay.  We'll initial it, if that's

11    fine.

12                THE COURT:  Yes.

13                So can you hand this down, please.

14                MR. WEINSTEIN:  Okay.  We've changed it on the

15    original and everybody's initialed it.

16                THE COURT:  Okay.  Thank you.

17                Going back to this, in light of what Mr. Weinstein has

18    put on the record, Mr. Woney, do you also understand that under

19    the terms of the now revised and initialed plea agreement, you

20    also agree not to appeal any special assessment that is less

21    than or equal to $5,200?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Do you also understand that in this

24    letter, you are giving up your right to complain if the

25    government withheld evidence from your attorney that would have

J591wonp

1 been helpful to you?

2 THE DEFENDANT: Yes.

3 THE COURT: Is your plea voluntary -- that is, made of

4 your own free will?

5 THE DEFENDANT: Yes.

6 THE COURT: Have any threats been made to influence

7 how you plead today?

8 THE DEFENDANT: No.

9 THE COURT: Did you in fact commit the offenses that

10 are charged in Counts Two through Five of the indictment?

11 THE DEFENDANT: Yes.

12 THE COURT: Before I ask you to tell me what you did,

13 I will ask the government to summarize the elements of the

14 offenses and, if they wish, to tell me any evidence that they

15 would have offered at trial.

16 Now I understand in this case there are four counts,

17 so do you want to proceed with the government summarizing the

18 elements of all four and then the evidence they would have

19 offered at trial and then have Mr. Woney allocute as to all

20 four?

21 MR. WEINSTEIN: I think that would be most efficient.

22 MR. WOLF: I agree.

23 THE COURT: Okay. All right. Go ahead, Mr. Wolf.

24 MR. WOLF: Yes. With respect to Count Two, the

25 government would be required to prove beyond a reasonable doubt

J591wonp

four elements:

First, in summary fashion, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person, or, in the alternative, knowingly benefited financially or by receiving anything of value from participating in a venture that so recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person;

Second, the defendant knew or believed that the person would be caused to engage in a commercial sex act;

Third, the defendant knew the victim was less than 18 years old, acted in reckless disregard of the victim's age, or had a reasonable opportunity to view the victim; and

Fourth, that the defendant's acts were in or affecting interstate or foreign commerce.

In addition, the government would be required to prove by preponderance of the evidence that venue is proper here in the Southern District of New York.

If required to go to trial on that count, the government would put forth testimony from law enforcement agents, victims, as well as documentary evidence, including text messages, as well as documents obtained from social media websites and similar entities, showing that in or about fall 2018, the defendant recruited a minor, identified as Victim 3

J591wonp

1    in the indictment, in the Bronx, New York, and then proceeded

2    to provide to harbor, transport, and advertise that individual

3    to engage in commercial sex acts, both in the Bronx, New York,

4    and elsewhere.

5          With respect to Count Three, that crime has two

6    elements that the government would be required to prove beyond

7    a reasonable doubt:

8          The first is that the defendant knowingly transported

9    any individual in interstate commerce in any territory or

10   possession of the United States; and

11         Second, that the purpose of the travel was for the

12   individual to engage in prostitution or any sexual activity for

13   which any person can be charged with a criminal offense.

14         In addition, the government would be required to prove

15   by preponderance of the evidence that venue is proper here in

16   the Southern District of New York.

17         Here, the government would offer at any trial

18   testimony and statements of witnesses, social media statements

19   by the defendant himself, as well as records showing that in or

20   about fall 2017, the defendant transported or caused to

21   transport an individual, identified as Victim 1 in the

22   superseding indictment, from New York City -- namely, the Bronx

23   and Manhattan -- to New Jersey.

24         Count Four charges the defendant with violation of the

25   Travel Act.  That crime has three elements.  Those three

J591wonp

elements are:

First, that the defendant -- and these three elements, as noted previously with the other two counts, the government would be required to prove beyond a reasonable doubt.

First, that the defendant engaged in interstate travel, use of the mails, or the use of a facility of interstate commerce;

Second, with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity -- here, the statute, for purposes of this count, defines unlawful activity to include prostitution; and

Third, subsequent performance or attempted performance of the unlawful activity.

In addition, the government would be required to establish, as with the other counts, that venue is proper by a preponderance of the evidence here in the Southern District of New York.

On Count Four, the government would be able to rely on contemporaneous statements by the defendant and others as well as records showing that the defendant used the internet to promote prostitution here in the Bronx, which is in the Southern District of New York, by providing advertisements online, as well as using his phone to recruit and interact with victims. And those victims are identified in the indictment as

J591wonp

1  Victim 1 and Victim 2.

2          Fifth and finally, with Count Five, which charges

3  felon in possession of ammunition, there are three elements to

4  that crime that the government would have to prove beyond a

5  reasonable doubt:

6          First, the defendant knowingly possessed ammunition;

7          Second, that the defendant's possession of the

8  ammunition was in or affecting commerce; and

9          Third, that prior to possession of that ammunition,

10  the defendant was convicted in any court of a crime punishable

11  by imprisonment for more than one year.

12          And then in addition, the government would need to

13  establish that venue is proper here in the Southern District of

14  New York by a preponderance of the evidence.

15          Here, the government would be able to rely on pictures

16  and materials obtained from Mr. Woney's cellphone, the

17  testimony and records from ATF employees, as well as

18  certificates of disposition in the defendant's criminal history

19  showing that he had been convicted of a felony prior to having

20  possessed that ammunition.

21          With that, I have nothing further on the elements or

22  evidence, unless the Court has any questions.

23          THE COURT:  Okay.  Mr. Woney, please tell me in your

24  own words what you did that makes you guilty of the charges

25  against you.

1    THE DEFENDANT:  Between September 2018 and October 20,

2  2018, I recruited a woman who was a couple months younger than

3  18 years old to perform commercial sex acts in the Bronx and

4  elsewhere.

5    Secondly, in November 2017, I recruited and

6  transported a woman from the Bronx to New Jersey to engage in

7  commercial sex acts.

8    Third, in 2017, I used the internet from the Bronx to

9  advertise commercial sex acts by women I worked with.

10    Fourth, in 2015, I was convicted of a felony robbery

11  in New York.  In September 2018, I possessed ammunition in the

12  Bronx.

13    Fifth, I knew that each of these acts were illegal.

14    THE COURT:  Okay.  And I believe you just said this,

15  but I ask this question anyway.  You were reading from a

16  statement, and that's entirely appropriate, and I'm sure that

17  you and Mr. Weinstein wanted to make sure that the statements

18  were exact and correct.  I ask you again:  You really did those

19  things you just told me about?

20    THE DEFENDANT:  Yes.

21    THE COURT:  All right.  Does the government represent

22  that it has sufficient evidence to establish Mr. Woney's guilt

23  beyond a reasonable doubt?

24    MR. WOLF:  Yes, the government so represents.

25    And if the Court would indulge me just for a moment, I

J591wonp

1    have just a brief question for defense counsel.

2                 THE COURT:  Okay.

3                 (Counsel conferring)

4                 MR. WOLF:  Yes, your Honor.  We're okay to proceed.

5    And yes, the government does believe it has sufficient evidence

6    to prove beyond a reasonable doubt.

7                 THE COURT:  Okay.  Mr. Weinstein, do you know of any

8    defense that would prevail at trial or other reason why your

9    client should not be permitted to plead guilty?

10                MR. WEINSTEIN:  I do not.

11                THE COURT:  Okay.  Mr. Weinstein, do you have any

12   doubt as to the defendant's competence to plead at this time?

13                MR. WEINSTEIN:  I do not.

14                THE COURT:  And I believe Mr. Woney allocuted to all

15   of this, but he does admit to venue being proper in the

16   Southern District of New York.

17                MR. WEINSTEIN:  I'm sorry?  He admits to?

18                THE COURT:  I believe Mr. Woney allocuted to all of

19   this, but I wanted to confirm that venue in the Southern

20   District of New York has been satisfied --

21                MR. WEINSTEIN:  Yes, in the Bronx.

22                THE COURT:  -- on all counts.  Okay.

23                And again, Mr. Woney, did you know that what you were

24   doing was against the law?

25                THE DEFENDANT:  Yes.

J591wonp

1        THE COURT:  Any further questions either side wants me

2    to ask?

3        MR. WOLF:  Nothing from the government, your Honor.

4        MR. WEINSTEIN:  No, your Honor.

5        THE COURT:  Okay.  Is there any reason why I should

6    not recommend that the district judge accept this plea?

7        MR. WOLF:  No reason from the government, your Honor.

8        MR. WEINSTEIN:  No, your Honor.

9        THE COURT:  Okay.  This is the point in time -- oops.

10        (Counsel conferring)

11        MR. WOLF:  Yes.  For an abundance of caution, I will

12    proffer that if the government were required to go to trial,

13    the government would be able to -- I mentioned earlier with

14    respect to Count Five that the government would rely on records

15    and testimony from an ATF agent.  And that testimony would

16    establish that the ammunition that Mr. Woney possessed was

17    manufactured outside the State of New York and then was

18    possessed here in the State of New York and therefore traveled

19    in interstate commerce.

20        MR. WEINSTEIN:  And we agree with that.

21        THE COURT:  Okay.  Thank you.

22        I am now at the point in the proceedings where,

23    because I am not the sentencing judge and the sentencing judge

24    will be relying only on the transcript for the plea allocution,

25    whether there are any family or friends of Mr. Woney here in

J591wonp

1    support of him.

2              MR. WEINSTEIN:  His mom and dad are here.

3              THE COURT:  Okay.  His mother and father are here.

4    Thank you for being here.

5              All right.  On the basis of Mr. Woney's responses to

6    my questions and my observations of his demeanor, I find that

7    he is fully competent to enter an informed plea at this time.

8    I also conclude that he understands the nature of the charges

9    and the consequences of his plea.  And finally, I am satisfied

10   that his plea is voluntary and that there is a factual basis

11   for it.  Accordingly, I recommend that the proffered plea to

12   Counts Two through Five of the indictment be accepted.

13             I assume the government will order a copy of the

14   transcript and will submit it to Judge Schofield, together with

15   any additional paperwork, so that she may act on my

16   recommendation.

17             A presentence investigation report is ordered.

18             Is there a sentencing date in this matter yet?

19             MR. WOLF:  Not at present, and the government would

20   ask for a control date of 90 days.

21             THE COURT:  Okay.  So 90 days puts us at around

22   August 9th.  August 9th, which is a Friday.  Okay.  Control

23   date of August 9th.

24             All right.  The prosecution case summary for purposes

25   of the presentence report is to be delivered to the probation

J591wonp

1    department no later than 14 days from today.

2         Mr. Weinstein, you should make yourself available to

3    be interviewed by the probation department with your client no

4    later than 14 days from today.

5         Anything further on this matter from either side?

6         MR. WOLF:  Nothing from the government, your Honor.

7         MR. WEINSTEIN:  No, your Honor.

8         THE COURT:  Okay.  Thank you.  We're adjourned.

9         MR. WOLF:  Thank you.

10                             o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25